UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                    )   CRIMINAL NO. 05-10003-NMG<br>)<br>ARTHUR GIANELLI,              )<br>MARY ANN GIANELLI, et al.,    )<br>            Defendants.       ) | |

## ORDER FOR INTERLOCUTORY SALE

It is hereby ORDERED, ADJUDGED, and DECREED that:

The Motion For Interlocutory Sale of 420 Main Street, Lynnfield, Massachusetts, is allowed.

The Internal Revenue Service ("IRS") shall market and sell the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts, title to which appears in a deed recorded at the Essex County Southern Registry of Deeds, Book 16986, Page 591 (the "Lynnfield Property"), as provided by law.

Defendants Mary Ann Gianelli and Arthur Gianelli shall promptly execute all documents necessary to transfer possession of, and clear title to, the Lynnfield Property to the United States for the purpose of disposing of the Lynnfield Property pursuant to this Order. Such steps may include, without limitation, executing and surrendering deeds and any other documents deemed necessary by the government to complete the interlocutory sale of the Lynnfield Property pursuant to this Order.

The interlocutory sale of the Lynnfield Property will take place on the following terms:

a. The IRS routinely utilizes the services of a property management company, EG&G Technical Sevices, Inc. ("EG&G"), to manage seized assets, and to sell assets. EG&G shall sell the Lynnfield Property, as an authorized agent of the IRS. EG&G shall arrange for, and shall have sole control of, the sale of the Lynnfield Property, in accordance with the regulations prescribed by the Secretary of the Treasury and the policies regarding the disposition of forfeited property. EG&G may, among other things, retain a real estate broker and other professionals in its reasonable best efforts to market and sell the Lynnfield Property at the highest possible price. EG&G shall have sole discretion in negotiating, accepting, and rejecting offers for the Lynnfield Property.

b. At the closing, a check for the full sale price will be made out to the United States Department of the Treasury and delivered to the IRS. The IRS shall distribute the sale proceeds in the following manner and order:

   (i) all costs and expenses reasonably incurred by the United States and EG&G in marketing and selling the Lynnfield Property;

   (ii) the cost of any comprehensive insurance on the Lynnfield Property;

   (iii) any outstanding real estate taxes due to Essex County, Massachusetts, with respect to the Lynnfield Property;

   (iv) any valid and superior liens, attachments, or encumbrances of record held by Countrywide Home Loans, Inc. with respect to the Lynnfield Property;

   (v) the IRS shall remit $250,000.00 of any remaining net balance of the sale proceeds to the Clerk's Office for the District of Massachusetts; and

   (v) the IRS shall deposit the remaining net balance of the sale proceeds in the U.S. Customs Suspense

        Account, pending the outcome of the criminal case.

c. By the time of the closing, the United States shall file a motion with this Court for a release of the <u>Lis Pendens</u> against the Lynnfield Property; and

d. At the conclusion of all forfeiture proceedings relating to the Lynnfield Property, the net proceeds held in the U.S. Customs Suspense Account will be disposed of according to law.


SO ORDERED AND ENDORSED:

*/s/ Nathaniel M. Gorton*
_____
NATHANIEL M. GORTON
United States District Judge

Date: 3/7/08

3