UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10003-NMG |
| | ) | |
| MARY ANN GIANELLI | ) | |

**MOTION TO PRECLUDE
LAW ENFORCEMENT OFFICER FROM ENTERING
DEFENDANT'S HOME WITHOUT A WARRANT
AND TO PRECLUDE IMMEDIATE TRANSFER TO THE UNITED STATES**

Defendant Mary Ann Gianelli hereby moves for an order precluding a law enforcement agent from entering Ms. Gianelli's home in the company of an appraiser the government has retained to determine the value of the home.  There is no legitimate reason for the warrant-less entry of a law enforcement agent into the Gianelli home.  The court should not permit it.

Ms. Gianelli also moves for an order precluding the government from demanding the immediate execution of a deed to the government and the tossing of Ms. Gianelli and her two children out on the street in a week.  The government has threatened to do precisely that if Ms. Gianelli does not capitulate to its demand that she permit an IRS agent to inspect her home:

> I understand from Mike Tabak that Mary Ann Gianelli has objected to allowing an IRS agent to accompany an appraiser in the house.  Please note that the Interlocutory Sale Order actually requires her to deed the property to the United States (Page 1), which means **we could require her to deed the property immediately and vacate next week** so that we can proceed with the court-ordered sale.  The point of the appraisal is to make sure it is worth selling, and IRS will not send an appraiser into the home of someone under indictment without an agent present for obvious reasons.  **So she can either sign a deed and leave the property immediately, or she can allow the appraiser and an IRS**

**agent access to value the property.** If she refuses to do either, we will move immediately for contempt of the Interlocutory Sale Order. Please let me know your position by noon tomorrow.

Email from AUSA Kristina Barclay to undersigned counsel, August 7, 2008, 5:19 p.m. (emphasis supplied). The Order cannot reasonably be read to require the immediate deeding of the property to the government. Reasonably read, the Order requires Ms. Gianelli to cooperate with the government's efforts to sell the property, which she is ready and willing to do.

The court should grant Ms. Gianelli the relief she seeks for the following reasons.

## Argument

Over Ms. Gianelli's objection and without holding a hearing, the court granted the government the extraordinary authority to sell the home Ms. Gianelli shares with her two children, Michael, age 22, and Marianne, 23. The government had argued that a forced sale of the home now, before the conclusion of the instant prosecution, was necessary to "maximiz[e] and preserv[e] the equity" in the property, which allegedly is subject to forfeiture should the government ultimately secure a conviction. *See* Government Motion For Interlocutory Sale at ¶ 14. Notwithstanding that: (1) the statute on which the government relied, 18 U.S.C. § 1963(d)(1), does not authorize the government to take action to "maximize the value" of an asset but only authorizes measures to "preserve the availability of a forfeitable asset;" and (2) the government already had iron-clad measures in place that guaranteed availability, including a comprehensive restraining order and a *lis pendens* on file in the Registry Of Deeds, the court allowed the government's motion.

The court allowed the motion by signing an order drafted by the government. *See* Order For Interlocutory Sale, dated March 7, 2008 (the "Order"). The Order provides

2

that the IRS "shall market and sell the real property and buildings located at 420 Main Street, Lynnfield, Massachusetts."  Order at 1 and 2.  The Order also set out the terms of the sale, which included the use of a property management company which "shall arrange for, and shall have sole control of, the sale of the Lynnfield Property."  *Id*. at 2.

Surely a property management company "routinely utilized" by the government is capable of conducting a real estate appraisal without the assistance of an IRS agent.  *Id*. If not, the Order expressly authorizes the management company to retain real estate brokers and other professionals, such as appraisers, to market the property.  *Id*.  Ms. Gianelli has no objection to an IRS agent accompanying the appraiser to the property and waiting outside while the appraiser inspects the home.  If the government is worried about the appraiser's safety, Ms. Gianelli and her children will wait outside as well.

With respect to the government's callous threat to throw Ms. Gianelli and her family out on the street in a week, the court should not tolerate such barbaric behavior. More importantly, the court should not construe the Order to authorize the government to evict the Gianellis summarily, without even a nod to due process.  The Order expressly provides that the IRS "shall market and sell the property" through its agent, a regularly utilized property management company, not that it acquire the property.  *Id*. at 1 and 2.  It does not require the transfer of the property to the government before it is marketed and sold.  Fairly read, the Order requires only that the Gianellis provide paperwork necessary to effectuate the orderly sale of the property.

If the court were to find that the Order, as written by the government, requires the Gianellis to deed the property immediately to the government and vacate before the property is marketed and sold, the court should modify the Order.  The government

3

cannot possibly make a showing that an immediate transfer of the property to the government and summary eviction is necessary to preserve the availability of an asset subject to forfeiture, as § 1963(d)(1) requires, or even that it is necessary to maximize the value of such an asset, the government's extra-statutory reason for seeking interlocutory sale.  Accordingly, the court should modify the Order to leave no doubt that, in the event the government finds a buyer, the Gianellis are required to provide all documents necessary to transfer possession and clear title to the buyer.

An immediate sale and eviction would cause devastating and irreversible prejudice.  Ms. Gianelli and her two children do not have the means to secure other appropriate housing and do not have other family members or friends who could accommodate them.  To the government, that is acceptable collateral damage.  To the Gianellis, it is hardship of monumental proportions.  For the reasons set forth above, it is entirely unnecessary and avoidable, and the court should not permit it to occur.

MARY ANN GIANELLI,
By her attorney,

/s/ *E. Peter Parker*
E. Peter Parker
B.B.O. #552720
151 Merrimac Street
Boston, MA  02114
(617) 742-9099

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 7, 2008.

/s/ *E. Peter Parker*
E. Peter Parker

4